***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff and defendant at all relevant times herein.
3. At all times relevant, defendant was a duly qualified self-insured.
4. The parties stipulated to the following:
 a) Plaintiff was employed as a 911 operator for defendant in December 1998.
 b) Plaintiff's average weekly wage was $642.40, yielding a compensation rate of $428.48.
5. The parties stipulated into evidence plaintiff's medical records from Durham Medical Center, Dr. William Friedman, Kaiser Permanente, and Dr. Theodore Pitts.
6. The parties stipulated into evidence a videotape of plaintiff's job.
7. The parties stipulated into evidence plaintiff's personnel file.
 ***********
Based upon all the evidence adduced from the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 51 year old high school graduate with one semester of Community College course work in Accounting.
2. Plaintiff began working for defendant in December 1989 as a 911 operator, where she responded to 911 emergency calls, as well as operated a keyboard and a monitor. In 1993, plaintiff's workstation was transformed into a modern workstation and the keyboards and monitors were placed at optimum levels.
3. Plaintiff testified at the hearing before the Deputy Commissioner that on or about 14 December 1998, she began experiencing pain in her left upper extremity. Plaintiff sought treatment from Dr. S. William Friedman, family practitioner, for her upper extremity condition. Dr. Friedman initially diagnosed plaintiff with cervical radiculopathy. Dr. Friedman ultimately determined that plaintiff was unable to continue working her position as a 911 operator for defendant.
4. Because plaintiff was unable to perform the essential functions of her 911 operator position, defendant gave plaintiff the option of being placed on medical disability retirement. Plaintiff last worked for defendant on 28 February 2000.
5. On 20 March 2000, plaintiff presented to orthopedic surgeon, Dr. Theodore M. Pitts. Dr. Pitts performed an examination of plaintiff, and diagnosed with a left C6 and possible a left C7 cervical radiculopathy, consistent with the diagnosis of Dr. Friedman. Dr. Pitts opined that plaintiff's neck condition was of a type that would develop over several years, and that "most of it came from normal wear and tear of life on her neck." He stated that it was possible that an abnormal placement of plaintiff's computer monitor and keyboard for a period of two years in the early 1990s could have aggravated plaintiff's condition, but it was not the cause of the condition. Dr. Pitts also noted that the history plaintiff provided of a sudden onset of pain on 14 December 1998, did not fit with the data on plaintiff's MRI scan which indicated a long-term development of the condition. Dr. Pitts further opined that he could not state whether plaintiff's employment was a significant contributing factor of her condition or whether it was the result of the wear and tear of everyday life.
6. Although plaintiff alleges that she suffered a compensable injury by accident on 14 December 1998, the evidence establishes otherwise. Plaintiff did not testify at the hearing that she experienced any type of trauma during her employment with defendant. She described no sudden twisting or any other type of motion, which would result in an injury. Plaintiff did not slip or fall at work. Likewise, plaintiff did not describe any events requiring her to reach or overextend her arm to operate a monitor or keyboard. The Full Commission therefore finds that plaintiff was performing her normal job in a normal manner on 14 December 1998.
7. The videotape of plaintiff's job is an accurate depiction of the position plaintiff was working on 14 December 1998. The monitors were directly in front of plaintiff and were at optimum levels. Plaintiff's position was not a physically stressful position.
8. Plaintiff did not describe an accident occurring at work to any of her medical providers. In fact, a 13 January 1999 note from Dr. Friedman indicates that plaintiff experienced "no definite trauma or heavy lifting." When plaintiff saw Dr. Theodore M. Pitts for a second opinion, she did not report any specific injurious incident at work. Based on all of the above, the Full Commission finds that plaintiff did not sustain a compensable injury by accident on 14 December 1998.
9. Plaintiff did not suffer a specific traumatic incident as a direct result of her job duties while employed by defendant. Dr. Friedman testified that during the course of his treatment of plaintiff, she never pinpointed a specific date that her symptoms manifested themselves. Plaintiff, likewise, did not pinpoint a specific week that she began to experience back pain. Dr. Friedman testified that there was gradual onset of plaintiff's back, shoulder and neck pain. This is a direct contradiction to what plaintiff told Dr. Pitts regarding a sudden onset of pain on 14 December 1998. No weight is given to plaintiff's report to Dr. Pitts of a sudden onset of pain on 14 December 1998.
10. Neither Dr. Pitts nor Dr. Friedman could opine with any degree of reasonable certainty that plaintiff's employment with defendant caused or was a significant contributing cause in the development of her upper extremity condition. Therefore, the Full Commission finds that plaintiff has failed to meet her burden of establishing a compensable occupational disease because she failed to produce evidence of causation.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of her employment with defendant or as a direct result of a specific traumatic incident of the work assigned on or about 14 December 1998. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff failed to establish that she contracted a compensable occupational disease as a result of her employment with defendant. N.C. Gen. Stat. § 97-53(13).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs, except that defendants shall pay expert witness fees of $325.00 to Dr. Pitts and $220.00 to Dr. Friedman.
This the ___ day of April, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER